# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**BRENDAN A. HURSON**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

May 9, 2022

LETTER TO PARTIES

> Re:   *Andrew D. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
>         Civil No. 21-2104-BAH

Dear Plaintiff and Counsel:

On August 18, 2021, Plaintiff Andrew D. ("Plaintiff"), proceeding *pro se*, timely filed a complaint, asking this Court to review the Social Security Administration's ("SSA") dismissal of Plaintiff's claim for a period of disability, disability insurance benefits, and supplemental security income. ECF 1. The Commissioner filed a Motion for Summary Judgment. ECF 13. I have carefully reviewed the record in this case, as well as the parties' filings. ECF 9, 12, 13, 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). The Court must uphold the dismissal if the SSA properly exercised its "discretion as to the overall conclusion" and "substantial evidence . . . as to any fact." *Robert H. v. Kijakazi*, No. DLB-20-1309, 2021 WL 5909255 (D. Md. Dec. 14, 2021) (citing *Smith v. Berryhill*, 139 S.Ct. 1765, 1779 n.19 (2019) (quoting 42 U.S.C. § 405(g)); *Smith v. Chater*, 99 F.3d 635, 638–39 (4th Cir. 1996)). Under this standard, I will deny the Commissioner's motion, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains why.

## I.   PROCEDURAL HISTORY

Plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB") on June 30, 2015. Tr. 178–79. Plaintiff also filed a Title XVI application for social security insurance ("SSI") benefits on July 7, 2015. Tr. 180–85. Plaintiff alleges a disability onset of October 1, 1998. Tr. 178, 180. Plaintiff's claims were initially denied on November 13, 2015. Tr. 94–97, 98–101. Plaintiff submitted a request for reconsideration on December 8, 2015. Tr. 112–13. Plaintiff's claims were subsequently denied on reconsideration on February 26, 2016. Tr. 104–05, 106–11.

On April 13, 2016, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 115. The SSA sent Plaintiff a hearing notice on December 20, 2017, *inter alia*, informing Plaintiff of the date, time, and location for the hearing, the process for submitting additional evidence, and Plaintiff's right to representation. Tr. 133–46.

Plaintiff's ALJ hearing was held in person on March 8, 2018 ("First ALJ Hearing"). Tr. 38–49. Though the hearing commenced, it became clear to the ALJ that a postponement was necessary to allow Plaintiff to secure representation and to supplement the record with additional

*Andrew D. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 21-2104-BAH
May 9, 2022
Page 2

evidence of treatment. Tr. 42- 43. The hearing was postponed. Tr. 47–49.

Plaintiff's next ALJ hearing was scheduled for July 26, 2018 ("Second ALJ Hearing"), Despite acknowledging receipt of notice of the Second ALJ Hearing, Plaintiff did not appear for the hearing. Tr. 36. Consequently, the ALJ entered an order on August 2, 2018 ("ALJ Order of Dismissal") that dismissed Plaintiff's hearing request. Tr. 36–37. The ALJ Order of Dismissal states that the ALJ "has considered the factors set forth in 20 CFR 404.957(b)(2) and 416.1457(b)(2) and finds that there is no good cause for the claimant's failure to appear at the time and place of hearing." Tr. 36. "Accordingly," the ALJ concluded, "the request for a hearing dated April 15, 2016 is dismissed and the determination dated February 26, 2016 remains in effect." *Id.*

On December 12, 2018, Plaintiff filed an apparently untimely written request for the Appeals Council ("AC") to review the ALJ Order of Dismissal. Tr. 27–32. Plaintiff noted that the "reason for missing the cut-off date of [December 2] is the same reasons which caused me to completely forget about my hearing back in April[:] (1) Insomnia, (2) unpredictable sleep pattern, and (3) inability to effectively manage appointment[s] and due dates." Tr. 27. Plaintiff also included a four-page "clinical summary" of from a medical provider, noting that Plaintiff suffers from obstructive sleep apnea, insomnia, and hypersomnia. Tr. 28–30.

On December 29, 2018, the AC sent Plaintiff a letter that acknowledged Plaintiff's written request for review was sent after the deadline seeking review (October 8, 2018) and noting that Plaintiff did not include a statement explaining why Plaintiff filed the request late. Tr. 25–26. The letter instructed Plaintiff to "send . . . a statement showing the reason(s) why [Plaintiff] did not file the request for review within 60 days." Tr. 25. It also informed Plaintiff that Plaintiff "should send [the AC] any evidence that supports your explanation" as to why the request for review was untimely. Tr. 25.

Plaintiff responded to the AC letter by providing additional evidence, namely two documents supporting his previous correspondence related to why he missed the AC's deadline for review. Tr. 20-24.[1] Plaintiff also provided Plaintiff's updated mailing address in Takoma Park, Maryland. Tr. 20–24. Though the letter is hand-dated February 12, 2019, the transcript entitles the submission as "Claimant Supplied Evidence dated January 7, 2019 . . . ." Tr. 20. It is unclear from the record exactly when the letter was received by the SSA but it was unquestionably received before the AC rendered a decision on Plaintiff's request to excuse Plaintiff's late filing.

On April 1, 2019, the AC entered an order dismissing Plaintiff's request for review ("AC Order"). Tr. 16–17. The AC Order acknowledged that "the Appeals Council may dismiss a

---

[1] The first document is a letter dated January 7, 2019, from Marshall Balish, MD-PhD, in which Dr. Balish states, "I believe that [Plaintiff] is disabled by his sleep disorders and resulting depression and cognitive changes" and that "[Plaintiff's] poor concentration is well exemplified by [Plaintiff's] missing the appointment with the Judge regarding [Plaintiff's] disability case." Tr. 20. The second document is a Montgomery County, Maryland Call-n-Ride Disability Certification form, completed by Beia [sic] Shestopalova, MD, dated January 28, 2019, and lists four of Plaintiff's alleged permanent disabilities. Tr. 23.

*Andrew D. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 21-2104-BAH
May 9, 2022
Page 3

request for review where the claimant has failed to file the request within the stated period of time and the time for filing has not been extended (20 CFR 404.971 and 416.1471).” Tr. 16. The AC Order stated that, “[t]he time period will be extended if good cause is shown for missing the deadline. 20 CFR 404.968(b), 416.1468(b).” Tr. 16. The AC Order then noted that Plaintiff’s request for review was filed 57 days following the October 8, 2018 appeal deadline. Tr. 16. Mirroring some of the language included in Plaintiff’s December 12, 2018 letter, the AC Order acknowledges that Plaintiff attributes missing the deadline to Plaintiff’s “medical issues of insomnia, unpredictable sleep pattern and his ability to manage appointments and due dates.” Tr. 16 (quoting Tr. 27).

The AC Order included no mention of the additional documents attached to Plaintiff’s December 12, 2018 request for review or Plaintiff’s subsequent correspondence. The AC Order simply concludes that “[t]he Appeals Council considered [Plaintiff’s] *statements* and finds no basis to extend the time limits for review.” Tr. 16 (emphasis added). Therefore, the AC found “that there is no good cause to extend the time for filing and, accordingly, dismisse[d] the claimant’s request for review.” Tr. 16. The AC Order was not mailed to Plaintiff’s updated Tacoma Park address. Tr. 14. Plaintiff timely filed a civil action complaint before this Court on August 18, 2021. ECF 1.[2]

## II.    ANALYSIS

Although the Appeals Council is not required to “explain its rationale for denying review,” if it does raise the laboring oar of issuing a decision, it must explain its reasoning. *See* 20 C.F.R. § 404.979 (“[I]f the Appeals Council issues its own decision, it will base its decision on the preponderance of the evidence.”). Accordingly, the record as a whole, including “‘new evidence presented to the Appeals Council,’” must “provide[ ] an adequate explanation of that decision.’” *Meyer v. Astrue*, 662 F.3d 700, 705, 707 (4th Cir. 2011) (quoting *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983)); *see also Smith v. Berryhill*, 139 S.Ct. at 1779, n. 19 (“The parties agree, as do we, on the standard of review: abuse of discretion as to the overall conclusion, and ‘substantial evidence’ ‘as to any fact.’”).

The Court considers “only ‘the procedural ground that was the basis for the Appeals Council dismissal, . . . allow[ing] the agency to address any residual substantive questions in the first instance,’ as needed. *Robert H. v. Kijakazi*, No. DLB-20-1309, 2021 WL 5909255, at *2 (D. Md. Dec. 14, 2021) (citing *Smith v. Berryhill*, 139 S.Ct. at 1779–80). The Court is also “restricted to the administrative record in performing [the] limited function of determining whether the Secretary’s decision is supported by substantial evidence.” *Huckabee v. Richardson*, 468 F.2d

---

[2] There remains an open question of law as to whether an AC dismissal under circumstances where no ALJ hearing was held constitutes a “final decision of the Commissioner . . . made after a hearing.” *See* 42 U.S.C. § 405(g); *Smith v. Berryhill*, 139 S. Ct. at 1780 (leaving unresolved the issue of whether dismissal of an untimely hearing request constitutes a final agency action). “For the limited purpose of this appeal, the Commissioner does not invoke [42 U.S.C.] § 405(g) as a potential bar to judicial review and accepts the Court’s authority to review the Appeals Council’s dismissal of Plaintiff’s request for review of an ALJ’s dismissal.” Def.’s Br. 5, ECF 13-1.

*Andrew D. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. 21-2104-BAH
May 9, 2022
Page 4

1380, 1381 (4th Cir.1972). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).

Thus, the issue in this case boils down to a decidedly narrow inquiry: whether there is substantial evidence to support the finding that Plaintiff failed to show good cause for Plaintiff's untimely request for review of the ALJ's Order of Dismissal. *See Robert H.*, No. DLB-20-1309, 2021 WL 5909255, at *2 ("The procedural question presented here is whether there is substantial evidence to support the finding that [P]laintiff failed to show good cause for [Plaintiff's] untimely request for a hearing."). Having considered the record as a whole and the arguments of Defendant, I am not satisfied that there is substantial evidence to support such a finding.

Here, the brief analysis contained in the AC Order of Dismissal fails to mention whether key evidence was considered, most notably two letters signed by medical professionals attesting to Plaintiff's limitations and a separate document essentially confirming same. Tr. 16. This evidence supports Plaintiff's justification for missing the deadline to file a request for AC review, which is also the reason Plaintiff filed for SSA benefits in the first place: that Plaintiff is allegedly disabled by severe insomnia and the resulting impact it may have on Plaintiff's cognitive functioning. Tr. 20, 23. More than simply omitting reference to records, the AC Order generally confirms that these records likely were not reviewed given the explicit reference to basing the decision on Plaintiff's "statements," not the documentation attached to Plaintiff's filings. Tr. 16. Moreover, the fact that the AC Order was mailed to the wrong address provides additional evidence that the second two documents – attached to a short letter updating Plaintiff's address – were not reviewed.

Accordingly, I will remand the matter to the Commissioner for the evaluation of this additional evidence. I note again that I make no findings as to whether the ALJ erred, whether the AC should grant Plaintiff's request for a new hearing, or whether Plaintiff is entitled to benefits.

## III.    CONCLUSION

For the reasons set forth herein, the Commissioner's Motion for Summary Judgment, ECF 13, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this Opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

4